RECEIVED
DEC 23 2025
US DISTRICT COURT
MID DIST TENN

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

PAULA R. SMITH,
Plaintiff,

v.

SCHNEIDER ELECTRIC USA, INC.,
Defendant.

Case No.: _____ (to be assigned)

## COMPLAINT

(Title VII - Race Discrimination, Hostile Work Environment, and Retaliation)

**JURY TRIAL DEMANDED**

Plaintiff Paula R. Smith ("Plaintiff"), proceeding pro se, for her Complaint against Defendant Schneider Electric USA, Inc. ("Defendant" or "Schneider"), states as follows:

## I. NATURE OF THE ACTION

1. This is an employment civil rights action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., for (a) hostile work environment because of sex, (b) hostile work environment because of race, (c) race discrimination (disparate treatment), and (d) retaliation, including constructive discharge.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

3. Venue is proper in this District because the unlawful employment practices alleged occurred in the Middle District of Tennessee, including at Defendant's facility located at 330 Weakley Ln, Smyrna, Tennessee 37167, where Plaintiff worked and where adverse actions and harassment occurred.

## III. PARTIES

4. Plaintiff Paula R. Smith is an adult resident of Tennessee. Plaintiff's mailing address is P.O. Box 330341, Murfreesboro, TN 37133.

5. Plaintiff is Black/African American and is protected under Title VII. Plaintiff is also protected based on sex.

6. Defendant Schneider Electric USA, Inc. is an "employer" within the meaning of Title VII and employed 15 or more employees at all relevant times.

7. Defendant does business in Tennessee and operated the Smyrna, Tennessee facility where Plaintiff worked.

8. Defendant's corporate address appearing on Plaintiff's pay records is 1111 Pasquinelli Drive, Suite 100, Westmont, IL 60559.

9. Defendant Schneider Electric USA, Inc. is a Delaware corporation authorized to do business in Tennessee, and its Tennessee registered agent for service of process is Corporation Service Company, 2908 Poston Ave, Nashville, TN 37203-1312.

## IV. ADMINISTRATIVE EXHAUSTION (EEOC)

10. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge No. 494-2025-00136, alleging discrimination/harassment and retaliation.

11. The EEOC issued Plaintiff a Notice of Right to Sue dated September 30, 2025.

12. This action is filed within 90 days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## V. FACTUAL ALLEGATIONS

13. Plaintiff began employment with Defendant on or about July 24, 2023, at Defendant's Smyrna, Tennessee facility (330 Weakley Ln, Smyrna, TN 37167).

14. Plaintiff's job title on pay records included LWB1 - Warehouse Operations, and Plaintiff worked in/around the Wire Prep area and associated production operations.

15. From early in Plaintiff's employment and continuing through separation, Plaintiff experienced ongoing harassment, hostility, and unequal treatment in the workplace.

16. In or around August 2023, Plaintiff was subjected to unwelcome sex-based harassment by a forklift trainer ("Ted"), including inappropriate sexual comments and conduct that made Plaintiff feel unsafe at work.

17. Plaintiff reported this harassment to HR by email on or about August 22, 2023, including to HR personnel (including Darien Moore and Katia Torres, among others).

18. Defendant did not take prompt and effective corrective action reasonably calculated to stop the harassment and protect Plaintiff.

19. In or around October 2023, Plaintiff experienced additional intimidation/harassment in her work area by a team lead (Glenn Cousino). Plaintiff documented incidents contemporaneously.

20. After Plaintiff engaged in protected activity by reporting harassment and requesting protection, Defendant's supervisory response escalated into increased hostility and adverse treatment, including threats of discipline and write-ups Plaintiff contends were unfounded.

21. In or around November 2023, Plaintiff requested a shift change for safety/protection. Plaintiff was required to accept unfavorable conditions (including a pay impact) in connection with seeking protection.

22. In or around April 2024, a coworker ("Lulu") engaged in unwanted physical contact with Plaintiff, including biting Plaintiff and touching Plaintiff after Plaintiff told her to stop.

23. Plaintiff reported the April 2024 incident(s) to HR, including global HR contacts (including Shannon Phillips). Plaintiff was not provided meaningful protection and was treated as the problem rather than the recipient of unwanted conduct.

24. In or around June 2024, Plaintiff experienced hostile conduct from a coworker (Arianna Johns), including interference with Plaintiff's work and intimidation. Plaintiff reported issues and documented incidents.

25. Plaintiff states that similarly situated employees outside Plaintiff's protected class(es) were treated more favorably, and that misconduct directed at Plaintiff was tolerated while others were protected.

26. Plaintiff repeatedly sought help from HR and management, including HR leadership at the facility (including Carly Harp) and plant leadership (including Matteo Lucco and Mouhamed D.) and raised concerns about harassment, hostility, retaliation, and unequal enforcement of rules.

27. Defendant later asserted Plaintiff was underperforming or uncooperative. Plaintiff disputes that characterization and contends it was a pretext used to justify discipline and retaliation.

28. Plaintiff received a performance-based compensation increase (April 2024) and maintained contemporaneous work documentation, which Plaintiff contends contradicts any claim of poor performance.

29. On or about October 21, 2024, Plaintiff's supervisor (Terri Shelton) took actions in front of coworkers that publicly humiliated Plaintiff and altered Plaintiff's work conditions. Plaintiff's bolted-down workstation/desk was removed/moved from Plaintiff's department area, and Plaintiff was told she "Did not work there anymore" in that area and was directed to sit in a classroom for "training" that was not scheduled.

30. Plaintiff contends the October 21, 2024, actions were punitive, retaliatory, and not based on any legitimate operational need, and were part of an escalating pattern following Plaintiff's protected complaints.

31. Plaintiff drafted a resignation notice dated October 10, 2024, and Plaintiff's last day worked was October 21, 2024, with resignation effective on or about October 22, 2024.

32. Plaintiff contends she was constructively discharged because Defendant made working conditions so intolerable that a reasonable person in Plaintiff's position would feel compelled to resign.

33. As a direct and proximate result of Defendant's conduct, Plaintiff suffered lost wages and benefits, emotional distress, humiliation, and other damages.

## VI. CLAIMS FOR RELIEF

## COUNT I - HOSTILE WORK ENVIRONMENT (SEX) - TITLE VII

34. Plaintiff incorporates paragraphs 1-33.

35. Plaintiff was subjected to unwelcome harassment because of sex, including sexually harassing comments and conduct.

36. The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and create an abusive working environment.

37. Plaintiff reported the harassment, and Defendant knew or should have known of the harassment.

38. Defendant failed to take prompt and effective remedial action.

39. Plaintiff suffered damages.

**COUNT II - HOSTILE WORK ENVIRONMENT (RACE) - TITLE VII**

40. Plaintiff incorporates paragraphs 1-33.

41. Plaintiff was subjected to harassment and hostility because of race, including bullying, targeting, and disparate tolerance of misconduct directed at Plaintiff.

42. The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and create an abusive working environment.

43. Plaintiff reported the harassment, and Defendant knew or should have known of it.

44. Defendant failed to take prompt and effective remedial action.

45. Plaintiff suffered damages.

**COUNT III - RACE DISCRIMINATION (DISPARATE TREATMENT) -TITLE VII**

46. Plaintiff incorporates paragraphs 1-33.

47. Plaintiff is a member of a protected class.

48. Defendant subjected Plaintiff to adverse employment actions and unequal terms/conditions of employment, including unwarranted discipline/write-ups and differential treatment compared to similarly situated employees outside Plaintiff's protected class.

49. Defendant's stated reasons were pretextual, and race was a motivating factor in the adverse actions.

50. Plaintiff suffered damages.

**COUNT IV - RETALIATION (INCLUDING CONSTRUCTIVE DISCHARGE) - TITLE VII**

51. Plaintiff incorporates paragraphs 1-33.

52. Plaintiff engaged in protected activity, including reporting harassment/discrimination and requesting protection.

53. Defendant took materially adverse actions against Plaintiff after and because of Plaintiff's protected activity, including escalating discipline, humiliation, and changes to Plaintiff's work conditions.

54. The adverse actions culminated in Plaintiff's constructive discharge when working conditions became so intolerable that a reasonable person would have felt compelled to resign.

55. Plaintiff suffered damages.

## VII. PRAYER FOR RELIEF

Plaintiff requests judgment against Defendant and the following relief:

A. Declaratory relief that Defendant violated Title VII;
B. Back pay and lost benefits;
C. Front pay and/or reinstatement (as appropriate);
D. Compensatory damages (emotional distress, humiliation, and other harms);
E. Punitive damages as permitted by law;
F. Costs of this action and any other relief the Court deems just and proper;
G. Pre-judgment and post-judgment interest.

## VIII. JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## IX. SIGNATURE AND VERIFICATION (28 U.S.C. § 1746)

Respectfully submitted,

Date: 12/31/25

*/s/ Paula R. Smith/*

Paula R. Smith, Pro Se
P.O. Box 330341

Murfreesboro, TN 37133

**Verification:** I declare under penalty of perjury that the foregoing is true and correct.

Date: 12/21/25

_Paula R. Smith_
Paula R. Smith

**Extremely Urgent**

This envelope is for use with the following services:
UPS Next Day Air®
UPS Worldwide Express℠
UPS 2nd Day Air®

isit theupsstore.com to find a location near you.

omestic Shipments
To qualify for the Letter rate, UPS Express Envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express Envelopes containing items other than those listed or weighing more than 8 oz. will be billed by weight.

ternational Shipments
The UPS Express Envelope may be used only for documents of no commercial value. Certain countries consider electronic media as documents. Visit ups.com/importexport to verify if your shipment is classified as a document.

To qualify for the Letter rate, the UPS Express Envelope must weigh 8 oz. or less. UPS Express Envelopes weighing more than 8 oz. will be billed by weight.

ote: Express Envelopes are not recommended for shipments of electronic media ntaining sensitive personal information or breakable items. Do not send cash cash equivalent.

Apply shipping documents on this side.

Do not use this envelope for:

UPS Ground®
UPS Standard®
UPS 3 Day Select®
UPS Worldwide Expedited®

Visit theupsstore.com to learn more about our Print & Business Services.

Serving you for more than 100 years
United Parcel Service.

  

ernational Shipping Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

01880250709 08/21 United Parcel Service

Case 3:25-cv-01493   Document 1   Filed 12/23/25   Page 8 of 8 PageID #: 8